IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRANCISCO CHAVERA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Cause No. 2:19-cv-161 |
| STAND IN LINE CONSULTING, INC., and GABRIEL CANTU, | § § § | |
| | § § | A Jury is Demanded |
| Defendants. | § § | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, FRANCISCO CHAVERA, by and through his undersigned counsel, sues Defendants, STAND IN LINE CONSULTING, INC., and GABRIEL CANTU (hereinafter sometimes referred to collectively as "Defendants"), pursuant to the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq* (1994 ed. and Supp. III)("FLSA").

### PARTIES

1. Plaintiff resides in Jim Wells County, Texas.

2. Plaintiff was employed by Defendants from November 22, 2017 until July of 2018 and again from November of 2018 to February 11, 2019.

3. Plaintiff originally began his employment as a "Hand" performing such duties as washing rigs, roll casing, etc., at the hourly rate of $15.00 per hour.

4. In February of 2018, Plaintiff was promoted to "Crew Leader" and his duties were changed to leading a two- to five-man crew on location and performing roustabout work, paperwork, and other miscellaneous duties at the hourly rate of $20.00.  Shortly thereafter, Plaintiff's hourly rate was reduced to $15.00 an hour, where it remained throughout the remainder of his employment with the Defendants.

5. Plaintiff, FRANCISCO CHAVERA, was an "employee" of Defendants, as that term is defined by the FLSA.  During his employment with the Defendants, the Plaintiff was individually and directly engaged in interstate commerce by his regular and recurring as part of his regular and recurring job duties, e.g., production of oil and gas for interstate commerce, and his work was essential to Defendants' business.

6. Defendant, STAND IN LINE CONSULTING, INC., is a corporation formed and existing under the laws of the State of Texas and which maintains and operates an engineering and consulting business in Jim Wells County, Texas, and is subject to the provisions of the FLSA because at all relevant times it engaged in interstate commerce or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. §§203(r) and (s).

7. Defendant, GABRIEL CANTU, is the President and Director of Defendant, STAND IN LINE CONSULTING, INC.  GABRIESL CANTU operates the

corporate defendant on a day-to-day basis, and acts directly on behalf STAND IN LINE CONSULTING, INC., as an employer under 29 U.S.C. § 203(d). GABRIEL CANTU is jointly and severally liable as such for the claims described in this Complaint.

8. Defendant, GABRIEL CANTU, is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, STAND IN LINE CONSULTING, INC., in relationship to Plaintiff; therefore, Defendant, GABRIEL CANTU, is a joint employer as defined by 29 U.S.C. § 203(d).

9. Defendant, GABRIEL CANTU, (1) possessed the power to hire and fire the Plaintiff, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.  Therefore, is a statutory employer under the FLSA.

10. At all times material to this complaint, Defendants had employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

## JURISDICTION AND VENUE

11. This Court has jurisdiction under the FLSA pursuant to 28 U.S.C. §1331 and 29 U.S.C. §216(b).

12. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiff transacted business within this judicial district and the events underlying this complaint occurred within this judicial district.

13. At all times material to this complaint, Defendants employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

14. At all times material to this complaint, Defendants were an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

## UNPAID OVERTIME WAGES

15. From November 22, 2017, until July of 2018 and again from November of 2018 to February 11, 2019, Plaintiff worked numerous workweeks in excess of 40 hours per week.

16. Plaintiff would arrive at Defendants' place of business each work day and begin working, e.g., loading tools, materials, and preparing the day's assignments.  However, Defendants did not pay Plaintiff until he arrived on the job location, which could be hours away from Defendants' place of business.

17. During the weeks of employment where Plaintiff worked more than 40 hours, Defendants failed to pay Plaintiff overtime as is required by the FLSA.

18. Plaintiff did not hold a position while employed by the Defendants that would qualify as exempt from the overtime requirements of the FLSA.

19. Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

20. At all times relevant to this case, the Defendants had knowledge of Plaintiff's regular and overtime work. Defendants approved Plaintiff's work and hours. Plaintiff's work benefitted Defendants.

21. Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights.

22. Defendants are liable to Plaintiff under the FLSA for all unpaid wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

23. The Defendants are obligated by law to pay Plaintiff at a rate of one and one-half times the regular hourly rate for each hour worked over forty (40) in any workweek.

24. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid at the proper overtime premium.

25. Plaintiff further seeks liquidated damages as Defendants' conduct is in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

26. Plaintiff also seeks compensation of recoverable expenses, costs of court, and reasonable and necessary attorney's fees pursuant to 29 U.S.C. §216(b).

### **PRAYER FOR RELIEF**

Plaintiff, FRANCISCO CHAVERA, prays that the Court assume jurisdiction of this cause and that Defendants be cited to appear. Plaintiff prays that the Court award the following relief, under law and equity, as applicable:

a. Judgment against Defendants, jointly and severally, for all unpaid overtime wages found to be due and owing;

b. Judgment against Defendants, jointly and severally, that their violations of the FLSA were willful;

c. Judgment against Defendants, jointly and severally, for an amount equal to the unpaid overtime compensation as liquidated damages;

d. If liquidated damages are not awarded, an award of pre-judgment interest;

e. Post-judgment interest at the applicable rate;

f. All costs, recoverable expenses and attorney's fees incurred in prosecuting these claims;

g. Leave to amend to add claims under applicable state laws, if necessary; and,

h.  For such further relief as the Court deems just and equitable to which Plaintiff is entitled.

## JURY TRIAL DEMAND

Plaintiff, FRANCISCO CHAVERA, hereby demands a trial by jury on all claims he has asserted in this Complaint.

Respectfully submitted,

**ROSS • SCALISE LAW GROUP**

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
Attorney-in-Charge
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawgroup.com

**ATTORNEYS FOR PLAINTIFF**